[Civ. No. 64000. Second Dist., Div. One. June 2, 1982.]

JOHN D. HARRIS et al., Plaintiffs and Appellants, v.
MARK H. BLOODGOOD, as Auditor-Controller, etc., Defendant
and Respondent.

COUNSEL

Stroock & Stroock & Lavan, William H. Levit, Gibson, Dunn & Crutcher, Richard Chernick and Theresa A. Kristovich for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Edward G. Pozorski, Deputy County Counsel, for Defendant and Respondent.

OPINION

**DALSIMER, J.**—We must here interpret the provisions of Government Code [1] section 69894.1 in light of the holding of *Olson* v. *Cory* (1980) 27 Cal.3d 532 [178 Cal.Rptr. 568, 636 P.2d 532].

Plaintiffs and appellants are now or have been commissioners either of the Los Angeles Superior Court or of the various judicial districts in

---

[1] All statutory references hereinafter are to the Government Code.

the County of Los Angeles. Appellants held office between January 1, 1977, and the first Monday of January 1981, though not necessarily for all of that period.[2]

The monthly salaries of appellants are fixed by statute. Superior court commissioners are paid according to section 69894.1, which provided prior to January 1, 1977, in pertinent part: "Whenever the compensation of superior court judges is adjusted, the flat-rate salaries for court commissioners and senior referees shall be adjusted to maintain the salary relationship of 80 percent of the annual compensation of superior court judges." (Stats. 1974, ch. 1400, § 1, p. 3063; Stats. 1974, ch. 1311, § 5, p. 2864.) Municipal court commissioners of the Los Angeles City Judicial District are paid by authority of section 72701, which provides in pertinent part as follows: "Each commissioner . . . shall receive a monthly salary in the same sum as is paid the Court Commissioners of the Superior Court of the County of Los Angeles." Effective January 1, 1977, section 69894.1 was amended to increase the salary relationship of commissioners to 85 percent of the compensation of judges. (Stats. 1976, ch. 1482, § 2, p. 6619.)

Section 68203, which provided for adjustment of judges' salaries in relationship to the California consumer price index, was amended in 1976 to maintain judicial salaries at their then current levels for 22 months, and thereafter to limit prospective increases to 5 percent. (Stats. 1976, ch. 1183, § 4, pp. 5287-5288.) In *Olson* v. *Cory, supra*, 27 Cal.3d 532, 544-548 [178 Cal.Rptr. 568, 636 P.2d 532], the court sustained the constitutionality of the amendment, except with respect to judges who had already served any part of their terms of office prior to January 1, 1977. The court held that those judges must continue to be compensated according to section 68203 as it existed prior to amendment until such time as they completed their respective terms of office. Stated differently, the court held that the statute as it existed prior to amendment would continue in force for certain judges and that the amended statute would govern the amount of compensation due other judges. With respect to superior court judges, this dual statute condition would obtain until the first Monday in January 1981 (Jan. 6, 1981).

---

[2]Appellant Gladys Ross is the surviving spouse of Herbert S. Ross, who served as commissioner of the Los Angeles Superior Court during part of that time period.

Since January 1, 1977, each appellant has been paid 85 percent of the salary of a superior court judge computed according to section 68203 as amended. However, some superior court judges have received a salary in excess of the statutory salary by virtue of the ruling in *Olson v. Cory, supra*, 27 Cal.3d 532. Accordingly, appellants commenced this action for declaratory relief and a peremptory writ of mandate. Both parties applied for summary judgment, and the trial court granted the motion of respondent controller and denied that of appellants. We reverse.

## DISCUSSION

Appellants concede that they derive no protection from the elected state officer salary protection clause of the California Constitution. Nevertheless, they contend that they, like judges, have a vested right to receive compensation agreed to at the undertaking of employment. Accordingly, appellants seek to be paid 85 percent of pre-1977 judges' salaries through the completion of those judges' terms or, in the alternative, 85 percent of the weighted average of the compensation of all judges employed during that period.

Appellants do not claim that they made any agreement with the county to receive specific compensation throughout the duration of their employment. Nor do they contend that their salary is immune from adjustment by the Legislature. Although it would appear that appellants initially contended that they derived a vested right to have their salary determined in relation to that of judges whose terms of office continued after January 1, 1977, they have apparently altered the thrust of their argument. In their reply brief and at oral argument appellants urged that the paramount issue revolves around the interpretation of section 69894.1.

Respondent perceives the primary issue to be whether appellants "have constitutionally vested rights to salary which entitle them to a sum in excess of 85 percent of the 'statutory' salary of a superior court judge for the period from January 1, 1977 through" January 6, 1981. A close reading of the memorandum opinion (designated "ruling") indicates that the trial court shared that perception. We find that such analysis of the problem is erroneous for the reason that the only question presented by the factual situation that prevails is, "What is the 'statutory' salary?"

■ The holding in *Olson* v. *Cory, supra*, 27 Cal.3d 532, left in its wake two viable statutes covering the same subject. There existed between January 1, 1977, and January 6, 1981, not one, but two levels of "compensation of superior court judges." Thus, section 69894.1, which is intrinsically unambiguous, became latently ambiguous because of extrinsic circumstances. It has become our task to resolve this ambiguity in a manner which is at once just to the taxpayers and to the appellants. That task is the more formidable as the situation appears to be unique, and the road to resolution is almost entirely bereft of signposts.

■ The only rule of statutory construction which we find to be helpful is that when two statutes deal with the same subject matter, the courts must attempt to reconcile them. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33].) ■ Where, as here, the Legislature has provided that the salary of each member of group "A" be a percentage of the salary of each member of group "B" and has then provided, for whatever reason, two different salary levels for various members of group "B," then the only logical solution is for the court to meld the two standards in a mathematically correct manner.

Appellants' contention that their salary should be based on the higher of the two salaries paid to the judges has no greater logical appeal than respondent's contention that it should be based on the lower. As heretofore noted, appellants have virtually abandoned their claim that commissioners whose service predates 1977 should receive 85 percent of the salaries of those judges whose terms of office extended after January 1, 1977. In any event, such a contention is untenable for several reasons. ■ Most importantly, public employees do not have a vested right to be paid any amount other than that which it is promised they will be paid. *Olson* v. *Cory, supra*, 27 Cal.3d 532, impliedly so states by providing that the Legislature may reduce the salary of a judge effective with the commencement of a new term of office. As commissioners have no terms of office, being at-pleasure appointees, it follows that their salaries may be reduced at the will of the Legislature, where, as here, there has been no promise made to them, express or implied, to the contrary.

■ Appellants strongly argue that respondent has administratively construed the effect of the two-tier salary structure of the superior court that was created by the inadvertence of the Legislature and that

appellants have a right to the benefit of that construction. Appellants refer to the decision of the respondent to pay the members of the Board of Supervisors of Los Angeles County at the higher of the superior court salary levels. The charter of the county provides that supervisors are to be paid a salary which is "the same as that now or hereafter prescribed by law for a judge" of the superior court. (L.A. County Charter, art. II, § 4.) After the *Olson* v. *Cory* decision, the Los Angeles County Counsel by letter opinion stated that the effect of such decision was that the supervisors should "each be compensated at the highest rate paid to a Judge of the Superior Court of this County." We have reviewed the opinion letter of the county counsel and the material upon which it was based. Suffice it to say it appears to be the result of a determination to reach a desired result. It is based not on logic, but whimsy. It was made without regard to the inception or termination of the respective terms of office of the supervisors and thus ignored the rationale of the *Olson* court in adjudicating rights which it held were or were not vested in relationship to such terms. The letter opinion of the county counsel took no note of the formal opinion written by his staff and approved by the county counsel approximately two weeks earlier. That opinion had concluded that commissioners should be paid at 85 percent of the lower salary paid to superior court judges.

Respondent's decision to abide by both opinions of the county counsel reflects the perception of a supply sergeant when comparing the perquisites of the general of the army with those of a company commander. We should not and we shall not put our imprimatur on the decision to make the indicated payments to the supervisors by regarding such action as a justification for awarding a measure of compensation to appellants to which they are not entitled.

As indicated, we also are not persuaded that there is any logic in choosing the lower salary structure as the standard for computing appellants' rate of compensation. It appears to us that the "85 percent of the annual compensation of superior court judges" mandated by section 69894.1 can be determined only by ascertaining the weighted average of the compensation paid to such judges from month to month during the period in question. Appellants suggest that in determining such weighted average the record of payment of all superior courts in the state should be the base, rather than the judges of the County of Los Angeles. We disagree. As the effect of section 69894.1 is by its terms restricted to Los Angeles County, it would seem that the pertinent base should be Los Angeles County.

The judgment in favor of respondent is reversed. The matter is remanded to the trial court with directions to enter its order determining that there is no substantial controversy concerning appellants' entitlement to compensation for services rendered in their respective capacities at a rate equal to 85 percent of the weighted average of compensation paid from month to month to judges of the Superior Court of Los Angeles County between January 1, 1977, and January 6, 1981. The trial court shall thereafter determine the remaining issues of the action.

Lillie, Acting P. J., and Hanson (Thaxton), J., concurred.